People v Granados (2022 NY Slip Op 50439(U))

[*1]

People v Granados (Carlos)

2022 NY Slip Op 50439(U) [75 Misc 3d 131(A)]

Decided on May 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., HELEN VOUTSINAS, BARRY E.
WARHIT, JJ

2020-366 N CR

The People of the State of New York,
Respondent,
against
Carlos A. Granados, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Argun M. Ulgen of counsel), for
appellant.
Nassau County District Attorney (Daniel Bresnahan, Andrew Fukuda and Benjamin Kussman of
counsel), for respondent.

Appeal, by permission, from an order of the District Court of Nassau County, First District
(Rhonda E. Fischer, J.), entered November 4, 2019. The order denied, without a hearing,
defendant's motion pursuant to CPL 440.10 (1) (h) to vacate a judgment of that court rendered
January 31, 2018 convicting him, upon his plea of guilty, of attempted criminal possession of a
controlled substance in the seventh degree, and imposing sentence.

ORDERED that the order is affirmed.
On January 31, 2018, defendant was convicted, upon his plea of guilty, of attempted criminal
possession of a controlled substance in the seventh degree (Penal Law §§ 110.00,
220.03). By notice of motion dated July 8, 2019, defendant moved, pursuant to CPL 440.10 (1)
(h), to vacate the judgment of conviction on the ground that, at the plea proceeding, his attorney
failed to advise him about the immigration consequences of his plea (see Padilla v
Kentucky, 559 US 356 [2010]). The People opposed the motion, and, in an order entered
November 4, 2019, the District Court, without a hearing, denied defendant's motion.
We find that defendant's motion, based on a claim of ineffective assistance of counsel
(see CPL 440.10 [1] [h]), was, under both the United States and New York State
standards (see US Const Amend VI; NY Const, art I, § 6), properly denied without a
hearing (see CPL 440.30 [4] [a]) since the record demonstrates that, prior to entering his
guilty plea, defendant was indisputably made aware by both his attorney and the court that he
could be deported as a result of the plea (see People v Lopez, 65 Misc 3d 156[A], 2019 NY Slip Op
51960[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Moreno, 58 Misc 3d
160[A], 2018 NY Slip Op 50289[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2018]). Based upon these clear admonitions, defendant cannot establish that he was prejudiced
by the alleged deficiencies in his attorney's advice (see Jae Lee v United States, 582 US
—, —, 137 S Ct 1958, 1968 n 4 [2017]; [*2]Lopez, 2019 NY Slip Op 51960[U]; Moreno, 2018 NY
Slip Op 50289[U]).
Accordingly, the order is affirmed.
DRISCOLL, J.P., and WARHIT, J., concur.
VOUTSINAS, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2022